JOHNSON v. HERO FRUIT-JAR CO.

(Circuit Court, E. D. Pennsylvania. May 9, 1893.)

No. 30.

PATENTS FOR INVENTIONS—VALIDITY—SEALING GASKETS.

The claims of letters patent No. 408,177, issued July 30, 1889, to Daniel W. Johnson, for sealing disks for jars, covered "a sealing gasket for jars, having a base of waterproof material backed with and secured to a felted material," and also "a sealing gasket consisting of a body of felted material having waterproof material secured to its opposite faces." Long prior to the application for this patent there were in use sealing gaskets composed of a disk of parchment and a disk of felt, arranged the one on the other, but not secured together. *Held,* that pasting together the faces of the old disks, which is all that is contemplated by the patent, does not involve invention, and the patent is void.

In Equity. Suit by Daniel W. Johnson against the Hero Fruit-Jar Company for infringement of complainant's patent. Bill dismissed.

Charles B. Collier, for complainant.

Geo. J. Harding, for defendant.

DALLAS, Circuit Judge. Prior to the application for the patent in suit, "sealing gaskets" composed of a disk of parchment and a disk of felt, arranged the one upon the other but not secured together, were in use for effecting, and did effect, an air-tight sealing of jars or other vessels to which, for that purpose, they were applied. There was also in use a patented "packing for packages, cans, and vessels of all kinds, in which fluids are to be transported or kept," "composed of a body of tough, flexible material, a sheet of tin or other foil applied thereto, and a flexible waterproof protection or covering;" and the three layers thus described were "glued, cemented, or pasted together." The patent in suit is to Daniel W. Johnson, for "sealing disks for jars," etc., and is No. 408,177, dated July 30, 1889. The claims are:

"(1) A sealing gasket for jars or other vessels, having a base of waterproof material backed with and secured to a felted material, substantially as described. (2) A sealing gasket consisting of a body of felted material having waterproof material secured to its opposite faces, substantially as described."

The novelty of the subject-matter of these claims is at least questionable; but, assuming it to have been new to "secure" the components of the gaskets previously in use, invention was not involved in pasting together the opposite faces of the old disks, and this is all that was done or proposed by the patentee, or is alleged to be done by the defendant. A decree dismissing the bill, with costs, will be entered.